IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      CRIMINAL ACTION NO. 2:23-cr-00174

ELLIOT J. SANTIAGO,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is an array of objections and motions relating to the sentencing of Elliot J. Santiago ("Defendant"). Chief among these regards applying an 8-point enhancement under U.S.S.G. § 2A3.5(b)(1). The Defendant first raises a legal objection to the application of the § 2A3.5(b)(1) enhancement. The next slate of motions relate to how the government may factually prove that the § 2A3.5(b)(1) enhancement is warranted.

For reasons more fully explained below, the Court **SUSTAINS** the Defendant's legal objection to the enhancement under § 2A3.5(b)(1). (ECF No. 63 at 2-3.) In light of the Court's finding on the legal objection, all remaining motions are **DENIED AS MOOT** and objections relating to the 8-point enhancement are **OVERRULED**.[1]

                                                     I.     BACKGROUND

The Defendant was charged in a single-count indictment for failing to properly register as a sex offender in violation of 18 U.S.C. § 2250(a). (ECF No. 1.) The Defendant subsequently

---

[1] These include: the Defendant's factual objection to the application of the § 2A3.5(b)(1) enhancement (ECF No. 63 at 3); Defendant's motion to compel evidence from the government (ECF No. 60); and the Government's motion in limine to exclude evidence at sentencing (ECF No. 67).

pled guilty to the indictment on April 1, 2024. (ECF No. 38.) The remaining issues now pertain to the proper calculation of the Defendant's offense level under the U.S. Sentencing Guidelines.

Pertinent to this order, the circumstances of how the Defendant found himself in a federal indictment are as follows. Defendant was convicted of first-degree sexual abuse in violation West Virginia Code § 61-8B-7 on August 28, 2019. (Presentence Investigation Report as to Elliot J. Santiago at ¶ 5) (hereinafter "PSR"). By all accounts, this appears to be his only conviction for a sex offense prior to the instant offense. (*See generally id.*) As a convicted sex offender, the Defendant knew he was under a continuing federal obligation to register under the Sex Offender Registration and Notification Act ("SORNA"). (*See id.* at ¶ 5.) The Defendant was also under an obligation to register as a sex offender with the state of West Virginia. (*See id.* at ¶¶ 8-9, 35.)

On or about May 30, 2023, the Defendant was deemed to have absconded from his registration requirements with West Virginia. (*Id.* at ¶ 35.) Both the Defendant and the Government agree that the Defendant did not leave the state of West Virginia until on or about July 10, 2023, when he boarded a Greyhound bus destined for New York City. (ECF No. 63 at 3; ECF No. 64 at 3-4.) According to a criminal complaint in Kanawha County, the Defendant is alleged to have sexually assaulted a minor about one day prior to leaving the state of West Virginia. (PSR at ¶ 14.) For that allegation, he has a pending charge of third-degree sexual assault that he will face upon release from federal custody. (PSR at ¶ 36.)

## II.   ANALYSIS

The remaining disputed issue between the parties is whether an 8-point enhancement under U.S.S.G. § 2A3.5(b)(1) is applicable to the Defendant. More specifically, the question

2

boils down to what "failure to register status" means and if the Defendant was in such a status during the alleged sexual assault of the minor.

As relevant here, the § 2A3.5(b)(1) enhancement provides that "[i]f, while in a failure to register status, the defendant committed . . . a sex offense against a minor, increase by 8 levels." U.S.S.G. § 2A3.5(b)(1)(C). In the commentary section of § 2A3.5, the guidelines inform that "[f]or purposes of subsection (b)(1), a defendant shall be deemed to be in a 'failure to register status' during the period in which the defendant engaged in conduct described in 18 U.S.C. § 2250(a) or (b)." U.S.S.G. § 2A3.5 app. n.2. For its part, the applicable provision of § 2250(a) states that "[w]hoever— (1) is required to register under [SORNA]; (2) . . . travels in interstate or foreign commerce . . . ; and (3) knowingly fails to register or update a registration as required by [SORNA] . . . shall be fined under this title or imprisoned." 18 U.S.C. § 2250(a).

In support of his objection to the application of the enhancement, the Defendant's argument is fairly straightforward. First, based on the guidelines application note, "conduct described in § 2250(a)" means that a defendant must have met the elements of § 2250(a) before the enhancement period begins. Second, one of those elements, § 2250(a)(2)(B), requires a defendant to travel in interstate commerce. Third, the Defendant here did not travel interstate until after the alleged assault. Therefore, the enhancement does not apply to the Defendant. (*See* ECF No. 63 at 9.)

The Government responded with its own arguments in favor of the enhancement. Principally, the Government contends that "conduct" does not mean "the defendant met every statutory element" of § 2250(a). (ECF No. 64 at 7.) That is because, as the argument goes, the commission chose to use the word "conduct" instead of language such as "while violating." (*Id.*)

3

As such, the "key conduct described" is knowingly failing to register as required by SORNA, which is just the third element of § 2250(a). (*Id.*) Citing other provisions—such as 34 U.S.C. §§ 20913(c) and 20914(a)—the Government notes that SORNA requires the Defendant to keep his "registration current whether or not he travels in interstate commerce." (*Id.* at 8.) Thus, the Government contends that the act of moving "one street over and [without] tell[ing] authorities about the move" would be enough for the Defendant to be in a failure to register status. (*Id.*) Because that is what the Defendant essentially did when he absconded from his state registration requirements, the enhancement applies. (*Id.*)

The Government's argument falls short of the mark. Reading the importance of one element of § 2250(a) over others is inconsistent with the text of Application Note 2. If the commission had intended "failure to register status" to mean the period in which the defendant knowingly failed to register under SORNA, they would simply have referenced § 2250(a)(3), not the whole of §2250(a). Further, if the Sentencing Commission had intended the term to capture other conduct within SORNA, such as 34 U.S.C. §§ 20913(c) and 20914(a), they could have done that too. In fact, the comment immediately before the one at issue here directly references a section of SORNA for defining terms of this sentencing guideline provision. *See* U.S.S.G. § 2A3.5 app. n.1 (explaining that the terms Tier I, II, and III offender "have the meaning given the terms . . . respectively, in 34 U.S.C. § 20911"). Contrary to the Government's argument, the Court cannot ignore or read in additional terms within the guidelines.

Relatedly, the Government seemed to argue at the status conference on this matter that the categorical approach should be applied to this enhancement as well. (Status Conference Trans. at 11.) Essentially, the Government contended that by using the words "conduct

4

described in," the Sentencing Commission was conveying the same intent as Congress in drafting § 20911 to apply the categorical approach. (*Id.* at 12.)

The Court is not persuaded by that argument. For one thing, there is no indication from the Fourth Circuit that the categorical approach is needed for anything other than the Defendant's tier analysis here. Yet more practically, the argument also misses the key trigger for the categorical approach in the first place. Admittedly, both U.S.S.G. § 2A3.5 app. n.2 and 34 U.S.C. § 209111(4) use the basic set up of "described in" to reference other offenses. *Compare* U.S.S.G. § 2A3.5 app. n.2 ("[A] defendant shall be deemed to be in a "failure to register status" during the period in which the defendant engaged in *conduct described in* 18 U.S.C. § 2250(a).") *with* 34 U.S.C. § 20911(4) ("The term 'tier III sex offender' means a sex offender whose offense is . . . comparable to or more severe than . . . aggravated sexual abuse or sexual abuse (*as described in* sections 2241 and 2242 of Title 18).") (emphasis added). It is not, however, the use of the term "described in" that triggers the categorical analysis in SORNA. Rather, it is the use of the words "comparable to or more severe than" that indicates Congress's intent to apply the categorical approach to the tiers in SORNA. *See Berry*, 814 F.3d at 197 ("SORNA's text therefore suggests that the categorical approach should be used to determine whether a prior conviction *is comparable to or more severe* than the generic crimes listed in [§ 20911(4)].") (emphasis added). Again, no such language appears in U.S.S.G. § 2A3.5 and, consequently, its absence suggests that no categorical analysis needs to be done.

As one last line of argument, the Government suggests that different language would have made it clearer that the Sentencing Commission intended the period of "failure to register status" to be when the defendant commenced the offence of § 2250(a). As the Government puts

5

it, the guidelines do not say "'while violating § 2250(a)' or something of the like," but rather "advises that <u>conduct</u> is what should be considered, not whether the defendant met <u>every statutory element</u>." (ECF No. 64 at 7.) However, the Sentencing Commission could have just as easily said "while failing to register under state or federal law," or "failing to meet SORNA obligations." It chose none of these alternatives. Instead, by making a reference to a statute, the Court finds that the Sentencing Commission intended "failure to register status" to mean the period when the defendant was engaged in all conduct proscribed in §2250(a).

There is a dearth of authority related to § 2A3.5 to resolve this issue. However, some Fourth Circuit authority suggests that, in using the phrase "conduct described in" a statute, the Sentencing Commission means to suggest meeting the elements of the referenced offense. For example, in *United States v. Griffin*, the Fourth Circuit interpreted an enhancement under U.S.S.G. § 2B1.1(b)(12). *Griffin*, 2024 WL 1505512, *3 (4th Cir. 2024) (unpublished). Although arguably dicta, the court's interpretation suggested that "conduct described in 18 U.S.C. § 1040" meant that the defendant had to engage in the § 1040 offense. *See id.* at *3 n. 4 ("[§ 2B1.1(b)(12)] mandates an upward adjustment for offenses that involve 'conduct described in 18 U.S.C. § 1040.' *See* U.S.S.G. § 2B1.1(b)(12). In turn, § 1040 prohibits fraud 'involving any benefit authorized, transported, transmitted, disbursed, or paid in connection with a major disaster declaration . . . or an emergency declaration under . . . the Robert T. Stafford Disaster Relief and Emergency Assistance Act.' 18 U.S.C. § 1040(a)."). The Fourth Circuit's treatment of § 2B1.1(b)(12) supports this Court's analysis of § 2A3.5(b)(1)(C) by analogy.

The Government is right to say the Sentencing Commission could have been clearer. Indeed, the length of this opinion stands as a testament to the lack of clarity here. Nevertheless,

given all the above, the Court is of the opinion that a "failure to register status" as used in § 2A3.5(b)(1)(C) and its commentary means that the defendant must have engaged in all elements of 18 U.S.C. § 2250(a). Because the Defendant did not do so prior to the alleged sexual assault, the enhancement is inapplicable. The Defendant's legal objection to the application of U.S.S.G. § 2A3.5(b)(1)(C) must be sustained. (ECF No. 63 at 2.)

### III.   CONCLUSION

For these reasons the Defendant's legal objection to the enhancement under § 2A3.5(b)(1) is **SUSTAINED**. (ECF No. 63 at 2-3.) All remaining objections are **OVERRULED** and motions **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   December 3, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE